THE PEOPLE ex rel. WILLIAM E. DEMAREST and others,
Appellants, v. CHARLES S. FAIRCHILD, Attorney-
General of the State of New York, Respondent.

*Quo warranto — Code,* § 432 — *Attorney-General cannot be compelled to bring
action of.*

The right to remove one who has unlawfully intruded into a public office is
vested in the State alone, and its decision, as to whether or not an action shall
be brought to remove such intruder therefrom, is final and cannot be reviewed
by the courts.
*People* v. *Attorney-General* (22 Barb., 114) followed.

APPEAL from an order made at the Special Term, denying a
motion for a writ of peremptory mandamus.

This is a motion for a peremptory writ of mandamus, to compel
the respondent, as attorney-general, to institute and prosecute to
final judgment an action in the nature of a *quo warranto*, in the
name of The People, on behalf of the relators, to determine the title
of Samuel A. Lewis and others to the office of alderman for the city
of New York, and to determine their right, as a board of aldermen,
to exercise the powers and discharge the duties of the common
council, and to oust them therefrom, and to establish in the office
of alderman and assistant alderman these relators, and to invest
them collectively with the right to exercise the powers and dis-
charge the duties of such common council.

The relators allege that they were duly elected aldermen and
assistant aldermen of the city of New York, pursuant to the charter
of said city, and that as such were duly sworn, and on the first
Monday of January last the boards of aldermen and assistant
aldermen duly organized and notified the mayor, who refused to
recognize them as such.

That the act of 1873, chapter 335, section 2, and the amend-
ments thereto, abolishing the board of assistant aldermen, and
merging the duties thereof into the board of aldermen, and estab-
lishing what is called the minority system of electing the members
of such board of aldermen, is unconstitutional.

That Samuel A. Lewis and others, claiming to be elected aldermen,
under said unconstitutional acts, on the first Monday of January,

1876, organized as such, and have ever since pretended to discharge the duties of the common council, and said mayor has so recognized them.

The attorney-general having refused to bring an action of *quo warranto*, this application was made to compel him to do so.

*Wilson F. Wolf*, for the appellants.

*Charles S. Fairchild*, respondent, in person.

Learned, P. J.:

The views expressed by Judge Harris, in *People* v. *Attorney-General* (22 Barb., 114), are sound. When a person intrudes into an office, it is the right of the State, as sovereign, to remove him. Individuals have no such right. This is still the law, although officers are elected and not appointed. Hence the State has the right to decide whether it will or will not remove the intruder. The right to make that decision must be vested in some one. It is vested in the Attorney-General.

As is pointed out by Judge Harris, the Court of King's Bench sometimes restricted the exercise of this power, but it never compelled its exercise. So, by the present law, in certain actions, it is only by leave of the court that the attorney-general may sue. But there is nothing to show that the court can ever compel him to bring an action in any of these or similar cases.

If this mandamus could be granted, then one of two results must follow : either the court must decide, in each case, whether under all the circumstances a *quo warranto* ought to be brought; or the court must, as matter of right, in all cases direct the attorney-general to bring the action.

The first alternative throws on the judiciary a duty which belongs to the administrative part of the government. The second assumes that it is the right of individuals, and not the exclusive right of the State, to remove intruders from offices usurped by them.

It is suggested that the attorney-general may neglect his duty. That must always be possible when a matter is left to the discretion of an officer, as it often is. Far greater evils would arise if the court were to assume the exercise of a discretion not intrusted

to them, or if they were to allow any individual whatever to compel the commencement and prosecution of actions of *quo warranto* against officers of the State.

A *quo warranto* should continue to be, as it always has been, an action by the State to oust an alleged intruder. It should not degenerate into a personal contest between two claimants of an office. And therefore the State, in its administrative capacity, should have the right to bring a *quo warranto* against intruders into public offices, in its own discretion.

The order appealed from should be affirmed.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order affirmed.